**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **IAN JORDAN**, a Washington resident, on behalf of a plaintiff's class consisting of himself and all other persons similarly situated and unknown,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>**THE CITY OF LYNNWOOD**, a Washington municipal corporation, **THE CITY OF LYNNWOOD POLICE DEPARTMENT**, **NICOLA SMITH**, the Mayor of the City of Lynnwood in her official and personal capacity, and **TOM DAVIS**, Chief of Police of the City of Lynnwood in his official and personal capacity,<br><br>　　　　Defendants | **Cause No.**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**CLASS ACTION ALLEGED**<br><br>**JURY TRIAL REQUESTED** |

## I.   SUMMARY OF CLASS ALLEGATIONS

1.　　For years, the City of Lynnwood illegally operated a system of traffic enforcement cameras.  Using these traffic cameras, it issued many tens of thousands of infractions to people who drive within the City.  In doing so, however, Lynnwood refused to comply with clear requirements that are imposed upon cities in the Washington enabling statute, RCW 46.63.170. This is the statute that allows cities such as Lynnwood to operate traffic enforcement cameras. Specifically, Lynnwood refused to annually disclose information regarding the operation of its traffic camera system.  This information, required by the enabling statute, is meant to allow the citizens and motorists in Lynnwood to hold elected officials accountable for the operation of the camera system.  Lynnwood also operates at least one traffic camera that is in violation of location restrictions contained in the enabling statute.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CLASS ACTION ALLEGED

CARLSON LEGAL
600 First Ave., Suite LL06
Seattle, WA  98104
(206) 899-4948
(206) 260-2486

Page **1** of **10**

2. While out of compliance with the law, Lynnwood collected on tens of thousands of camera traffic tickets. It illegally compelled the payment from Washington drivers, to the City, of millions of dollars. Yet the City completely ignored plaintiff's properly formatted and served tort claim, making no communication with plaintiff's attorney during the tort claim 60 day exhaustion period. Plaintiff's counsel hereby certifies that the plaintiff has satisfied the tort claim notice requirement. Now, the plaintiff seeks injunctive relief to stop Lynnwood from operating its system in violation of the Washington statute. The plaintiff also seeks damages for himself and for all class members -- if certified -- in the form of a refund for amounts paid in response to the illegally issued tickets.

3. The City of Lynnwood has, for years, held drivers strictly accountable for minor violations of the law. It captures these violations using traffic cameras, and it fines people for those violations. It compels the payment of these fines under the force and color of law. But the City didn't keep up its own end of the legislative bargain which allows these cameras to operate. Instead, the City itself violated the law, by issuing these citations outside of the limited authority granted in the Washington statute. The City of Lynnwood should be held to the same standard of accountability that it has imposed upon tens of thousands of drivers within its jurisdiction.

## II.    PARTIES

4. Class Plaintiff Ian Jordan is a resident of Washington State. As described more fully below, Mr. Jordan received a traffic camera ticket issued by the City of Lynnwood in July, 2016. He contested the ticket, the ticket was upheld, and he was ordered to pay a fine, which he did.

5. The City of Lynnwood is a municipal corporation organized and operating under the laws of the State of Washington. The City of Lynnwood Police Department is the police department organized and run by the City of Lynnwood. Nicola Smith is the Mayor of the City of Lynnwood. Tom Davis is the Chief of Police of the City of Lynnwood.

## III.    JURISDICTION AND VENUE

6. The events giving rise to these class claims arose in Snohomish County, Washington.

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because the cases raises claims pursuant to federal law. This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES           CARLSON LEGAL
CLASS ACTION ALLEGED                                  600 First Ave., Suite LL06
                                                      Seattle, WA  98104
                                                      (206) 899-4948
                                                      (206) 260-2486

Page **2** of **10**

8. Personal jurisdiction over the Defendants is proper because Defendants are a Washington municipal corporation located in Snohomish County, Washington, its police department, and two elected officials who, on information and belief, reside in Snohomish County, Washington. The actions giving rise to the class claims all took place in Snohomish County, Washington.

9. Venue is proper in this district under 28 U.S.C. § 1391(a), (b), and (c).

## IV.    FACTUAL ALLEGATIONS

10. The City of Lynnwood operates traffic enforcement cameras at 11 locations within its jurisdiction. On information and belief, the City has been issuing approximately 25,000-30,000 tickets per year to drivers as a result of the operation of these cameras.

11. The City's operation of traffic enforcement cameras has been illegal in at least two respects. First, RCW 46.63.170 is the Washington enabling statute which authorizes cities to operate traffic enforcement cameras. The statute contains a small number of important prerequisites that any city must meet before it can operate traffic enforcement cameras. For example, RCW 46.63.170(a) requires that: "Beginning one year after June 7, 2012, cities and counties using automated traffic safety cameras must post an annual report of the number of traffic accidents that occurred at each location where an automated traffic safety camera is located as well as the number of notices of infraction issued for each camera and any other relevant information about the automated traffic safety cameras that the city or county deems appropriate on the city's or county's web site."

12. Lynnwood failed to provide this information publically since June, 2013 (June 6, 2013). It remained out of compliance for years. Indeed, Lynnwood made no effort to post this information until after the present plaintiff filed his tort claim with the City of Lynnwood in October, 2016. Therefore, Lynnwood was completely out of compliance with the requirement for annual reporting between June, 2014 and October, 2016, and it did not completely come into compliance until January, 2017. This was not just a technical violation. It appears that in recent years, Lynnwood failed to even capture or collect this information so that it could be reported to the public. Indeed, in recent news reporting, members of the Lynnwood City Council confirmed in open hearing that Lynnwood did not possess this information. The City did this despite knowing that the State statute required the collection and reporting of this information. They

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CLASS ACTION ALLEGED

CARLSON LEGAL
600 First Ave., Suite LL06
Seattle, WA 98104
(206) 899-4948
(206) 260-2486

Page **3** of **10**

followed the law and published the information in 2013, but then refused to do so for years afterwards.

13. Second, RCW 46.63.170(b) provides: "[U]se of automated traffic safety cameras is restricted to the following locations only: (i) Intersections of two arterials with traffic control signals…[.]" However, Lynnwood operates a traffic camera at the intersection of 196th St. SW and 36th Ave W. This is the intersection where plaintiff Ian Jordan was ticketed. This is not an intersection "of two arterials" as required by the statute. Instead, it is an intersection between one city arterial road, a U.S. freeway onramp (I-5), and a second arterial road which dead ends at that location. Lynnwood's own published road maps show that one prong of this intersection is not a city arterial. Pursuant to RCW 47.52.200, the Washington state patrol, and not the Lynnwood police department, has primary responsibility for enforcement of laws on that freeway onramp.

14. On information and belief, other intersections where Lynnwood has placed red light cameras suffer from this same defect.

15. Since mid-2014, tens of thousands of motorists have received red light camera infractions from the cameras operating illegally in the City of Lynnwood. They have been fined millions of dollars for these infractions. Under the force and color of law, the City of Lynnwood collected millions of dollars from these motorists while operating its traffic camera system illegally. Each citizen so fined is a potential class member. Specific information on the number of citations issued, to whom, and the amounts collected, is within the sole possession of the Defendants.

16. On July 6, 2016, a traffic camera in the City of Lynnwood, located at 196th St. SW and 36th Ave. W., captured a vehicle registered to plaintiff Ian Jordan in an alleged traffic violation. A City of Lynnwood Notice of Infraction was issued to Mr. Jordan, imposing a fine of $124.00 for this alleged infraction. Mr. Jordan chose to schedule a mitigation hearing on this infraction, which was conducted at Lynnwood Municipal Court on September 23, 2016 at 1 pm. The ticket and fine against Mr. Jordan was partially upheld in the amount of $85.00. Mr. Jordan paid this fine to the City of Lynnwood, under threat of further legal and financial consequences.

17. Washington's enabling statute, RCW 46.63.170, requires data reporting so citizens and elected officials can together determine whether the traffic cameras are meeting their required

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CLASS ACTION ALLEGED

CARLSON LEGAL
600 First Ave., Suite LL06
Seattle, WA 98104
(206) 899-4948
(206) 260-2486

Page **4** of **10**

goal of enhancing safety, or whether they are merely being used as a revenue collection device. Revenue collection is not an authorized use or justification for these cameras. The city's failure to provide these reports deprived Lynnwood citizens and Washington motorists of key information they needed to accurately assess the use of traffic cameras in Lynnwood, and to possibly challenge their use.

18. Plaintiff claims that every such infraction was issued without legal authority, and was enforced under color of law in violation of the constitutional rights of those who paid such fines. Plaintiff seeks, as a remedy, class certification and a class recovery requiring the City of Lynnwood to refund to each such person all amounts paid on every violation issued while the City was out of compliance with the enabling statute. He also seeks injunctive relief to prohibit the City from continuing to operate the cameras while they remain out of compliance with the law.

19. It is impossible at this point for plaintiff to state an accurate amount of total classwide damages. The total of class damages will be the sum of all infractions paid to Lynnwood while the City was in violation of the law. Further investigation and discovery in the case, if filed, will disclose more detailed information about this quantum of damages. This information is currently within the possession of the City of Lynnwood. The value of potential injunctive relief is also unknown at this time.

## V.  POTENTIAL CLASS CLAIMS

### A.  SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER FEDERAL LAW

20. The City of Lynnwood is operating traffic enforcement cameras outside the bounds and the limits of the law. Washington's enabling statute defines specific prerequisites that a city must meet before it can operate such traffic cameras. Lynnwood has been out of compliance with those prerequisites since at least June 2014.

21. Despite the fact that it had no legal authority to operate a traffic camera program, the City of Lynnwood, its police department and its officials have continued to issue tens of thousands of infractions every year against motorists driving in the City. Legal infraction notices were issued, containing specific fines imposed and strict deadlines for payment. Under color of law, Lynnwood enforced and collected upon these fines, under threat of further legal and financial consequences. Citizens paid millions of dollars to the City under this scheme.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CLASS ACTION ALLEGED

CARLSON LEGAL
600 First Ave., Suite LL06
Seattle, WA  98104
(206) 899-4948
(206) 260-2486

Page **5** of **10**

22.  U.S. citizens are constitutionally protected from the arbitrary or unauthorized use of police and governmental power which affects their rights.  When a city uses its police power without authorization, to impose criminal sanctions upon citizens, fine them and take their money, this violates the constitutional due process rights of those citizens.

### B.  VIOLATION OF RCW 46.63.170 – STATE LAW

23.  As described above, the City of Lynnwood violated RCW 46.63.170 in at least two respects.  The City failed to provide the required annual reporting regarding its traffic camera system.  And it has placed traffic cameras at locations that violate the statute.

24.  Purported Class members are within the scope of persons meant to be protected by the requirements in the Washington enabling statute.  Those requirements are meant to limit the circumstances under which a city may impose fines upon citizens.  Citizens who have had such fines imposed in violation of the law have therefore been directly damaged by this violation, and are entitled to injunctive relief and damages as a result.

### C.  UNJUST ENRICHMENT, CONVERSION, REPLEVIN – STATE LAW TORTS

25.  Fundamentally, the City of Lynnwood has been wrongfully taking property owned by motorists and converting it to its own use.  Acting without legal justification, and outside the limits of the law, the City compelled citizens to relinquish their hard earned money into the coffers of the City of Lynnwood.  This wrongfully enriched Lynnwood at the expense of these citizens.

26.  This is an unjust enrichment by Lynnwood and a conversion committed against Washington motorists.  These citizens seek replevin of the amounts wrongfully taken from them.

### D.  WRONGFUL PROSECUTION, ABUSE OF PROCESS – STATE LAW TORTS

27.  In each case in which a wrongful camera ticket was issued, the City of Lynnwood instituted legal proceedings against the wrongfully ticketed motorist.  Each Notice of Infraction issued comes with strict payment deadlines.  If such deadlines are not met, there are additional legal and financial consequences imposed upon the ticketed driver.  A hearing process is also available, with accompanying deadlines and requirements to appear.  A failure to appear has legal and financial consequences.  After an appearance, if the fine is upheld in whole or in part

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  
CLASS ACTION ALLEGED

CARLSON LEGAL  
600 First Ave., Suite LL06  
Seattle, WA  98104  
(206) 899-4948  
(206) 260-2486

Page **6** of **10**

there are again strict deadlines for payment with additional consequences if those deadlines are not met.

28. By instituting criminal/legal proceedings against citizens without authority under law, Lynnwood committed wrongful prosecution and has engaged in an abuse of process. This entitles citizens to injunctive relief and damages.

### E.   NEGLIGENCE

29. The City of Lynnwood has a duty to its citizens, and to citizens who visit the City, to enforce the laws fairly, and within the reasonable boundaries and limits of their own authority. By failing to adequately monitor and comply with the requirements of state law, Lynnwood has breached this duty. This caused significant harm to many citizens who are entitled to compensation as a result of the City's negligence.

### VI.   CLASS ALLEGATIONS

1. Plaintiff seeks certification of a class as defined below.

(a) **The Class:** The first plaintiff class alleged consists of all drivers who, between July 1, 2014 and the date upon which the City came/comes back into compliance with the law, received a traffic camera Notice of Infraction issued by the City of Lynnwood or its police department, and who paid to the City of Lynnwood any amount imposed in that Notice of Infraction. This includes all drivers who paid any amount without a hearing, and all drivers who paid any amount after a hearing.

(b) The second plaintiff class alleged consists of all drivers who have, in the last three years, received a traffic camera Notice of Infraction issued by the City of Lynnwood or its police department, resulting from the traffic camera placed at the intersection of 196th St. SW and 36th Ave. W in the City of Lynnwood.

Excluded from each Class are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a timely

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   CARLSON LEGAL
CLASS ACTION ALLEGED                         600 First Ave., Suite LL06
                                             Seattle, WA 98104
                                             (206) 899-4948
                                             (206) 260-2486

Page **7** of **10**

request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

2. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are tens of thousands of drivers who have received Notices of Infraction that meet the class definitions. Given these numbers, the joinder of each individual member impracticable. Ultimately, the Class and members will be easily identified through Defendant's records. Plaintiff believes that the members of the Class are geographically dispersed throughout the State, and that joinder of all Class members would therefore be impracticable.

3. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

Common questions of law and fact include but are not limited to:

   (a) Whether Defendant has operated its traffic cameras in violation of RCW 46.63.170;

   (b) Whether the Defendant's conduct violates the federal substantive and procedural due process rights of drivers.

   (c) Whether Defendant's actions constitutes torts under the laws of the state of Washington;

   (d) Whether Plaintiff and the Class are entitled to relief, and the nature of such relief.

4. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct toward Plaintiff and the Class.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  
CLASS ACTION ALLEGED

CARLSON LEGAL  
600 First Ave., Suite LL06  
Seattle, WA 98104  
(206) 899-4948  
(206) 260-2486

5.      **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent to litigate this action.  Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

6.      **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.  The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7.      **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole.  Defendants' conduct challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of that conduct hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES　　　　　　　　　　　CARLSON LEGAL
CLASS ACTION ALLEGED　　　　　　　　　　　　　　　　　　　　　　600 First Ave., Suite LL06
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA  98104
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 899-4948
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 260-2486

Page **9** of **10**

8. **Reservation**: Plaintiff reserves the right to revise the Class definition and Class allegations based upon information learned through discovery.

## VII.   PRAYER FOR RELIEF

Plaintiff prays for a judgment against Defendants as follows:

1. For an order certifying this case as a class action pursuant to FRCP 23, and for an order appointing Plaintiff as Class representative and the undersigned counsel as class counsel;

2. That the defendant be temporarily and permanently enjoined from continuing to engage in the conduct described in this Complaint;

3. Class wide damages in the form of refunds to individual drivers who have paid Notice of Infraction amounts to the City of Lynnwood, and reasonable attorney fees and costs for the class as a whole pursuant to 42 U.S.C 1983;

4. That a declaratory judgment be entered declaring that Defendant has operated its traffic camera system illegally and without lawful authority since at least July 1, 2014.

5. For an order requiring Defendant to disgorge all profits, benefits, and other compensation obtained from the conduct described in this Complaint;

6. That Plaintiff and the Class be awarded their costs and expenses incurred in connection with this action, including attorneys' fees, and pre-judgment and post-judgment interest; and

7. For any other relief that the Court deems just and proper.

## VIII.   JURY DEMAND

Plaintiff demands a trial by a jury of twelve of all claims so triable.

Dated this        day of February, 2016

           Respectfully submitted
           CARLSON LEGAL

           _____
           Jay Carlson, WSBA No. 30411
           Carlson Legal
           600 First Ave., Suite LL06
           Seattle, WA 98104
           (206) 899-4948

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     CARLSON LEGAL
CLASS ACTION ALLEGED     600 First Ave., Suite LL06
    Seattle, WA 98104
    (206) 899-4948
    (206) 260-2486

Page **10** of **10**