HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IAN JORDAN, et al.,

    Plaintiffs,

v.

THE CITY OF LYNNWOOD, THE CITY OF LYNNWOOD POLICE DEPARTMENT, NICOLA SMITH, the Mayor of the City of Lynnwood in her official and personal capacity, and TOM DAVIS, Chief of Police of the City of Lynnwood in his official and personal capacity,

    Defendants.

CASE NO. C17-0309 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants, the City of Lynnwood, the City of Lynnwood Police Department, Nicola Smith, and Tom Davis' Motions to Dismiss. Dkt. ## 14, 16. Plaintiffs, Ian Jordan, Sarah Anni MacDonald, and Bruce Allen Cunningham, oppose the Motions. Dkt. ## 18, 20. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds

that oral argument is unnecessary. For the reasons set forth below, the Court **GRANTS** Defendant Lynnwood's Motion to Dismiss (Dkt. # 16) and **DENIES as moot** Defendants Nicola Smith and Tom Davis' Motion to Dismiss (Dkt. # 14).

## II. BACKGROUND

The following is taken from Plaintiffs' Amended Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiffs bring this class action against Defendants for alleged violations of their due process rights under federal and state law. Plaintiffs also bring claims of unjust enrichment, wrongful prosecution, and negligence against Defendants. Plaintiffs all received traffic camera tickets issued by Defendant City of Lynnwood ("Lynnwood") and paid the resulting fines. Dkt. # 10 ¶¶ 4-6. Lynnwood is a municipal corporation organized under the laws of the State of Washington. Defendant City of Lynnwood Police Department ("Lynnwood Police Department") is the police department organized and run by Lynnwood. Defendant Nicola Smith is the Mayor of Lynnwood. Tom Davis is Chief of Police of Lynnwood. Dkt. # 10 ¶ 7.

Lynnwood operates traffic enforcement cameras at eleven (11) locations within its jurisdiction. Dkt. # 10. Lynnwood is authorized to operate traffic enforcement cameras pursuant to Washington state statute RCW 46.64.170. RCW 46.63.170(a) states that: "Beginning one year after June 7, 2012, cities and counties using automated traffic safety cameras must post an annual report of the number of traffic accidents that occurred at each location where an automated traffic safety camera is located as well as the number of notices of infraction issued for each camera and any other relevant information about the automated traffic safety cameras that the city or county deems appropriate on the city's or county's website." Between June of 2013 and October of 2016, Lynnwood did not post this information. Dkt. # 10.

RCW 46.64.170(b) provides that traffic safety cameras are restricted to intersections of two arterials with traffic control signals that have yellow change interval durations, railroad crossings, and school speed zones. Plaintiff Jordan was ticketed at the intersection of 196th St. SW and 36th Ave W in Lynnwood. Plaintiffs allege that this is not an intersection of "two arterials" as required by state statute. *Id.* Plaintiffs allege that Lynnwood did not have the legal authority to operate a traffic camera program because it was out of compliance with RCW 46.64.170, and that the issuance of traffic camera tickets while Lynnwood was out of compliance was a violation of Plaintiffs' federal and state due process rights. *Id.*

After a traffic camera captures a vehicle in an alleged traffic violation, a Notice of Infraction is issued. Dkt. # 10. The Notice of Infraction sets out the specific fines imposed and the deadlines for payment. The alleged violator is given the option of scheduling a mitigation hearing on the infraction, which is conducted by the Lynnwood Municipal Court. *Id.* After their cases are adjudicated in Municipal Court, they can either appeal the adjudication to the Superior Court pursuant to RCW 46.64.090(a), or file a motion to vacate their judgments in the Municipal Court pursuant to IRLJ 6.7(a). *Doe v. Fife Mun. Court*, 74 Wn. App. 444, 448 (1994).

### III. LEGAL STANDARD

#### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

### B. FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

Plaintiffs argue that one of Defendants' motions to dismiss be stricken because they violated Local Rule 7(e)(3). Local Rule 7(e)(3) states: "Absent leave of the court, parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue of claim." However, each individual Defendant in this case is permitted to file a dispositive motion. Each motion to dismiss was filed by different Defendants and request different types of relief. Plaintiffs' request to strike one or both of Defendants' Motions is **DENIED.**

Plaintiffs also argue that Defendants improperly submitted evidence outside of the pleadings with one of their motions to dismiss and that the motion to dismiss should be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Dkt. # 16. Defendants argue that the evidence in question is central to Plaintiffs' claims and can be appropriately considered here. When resolving a motion to dismiss under Rule 12(b)(6), the Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Lynnwood submits three exhibits in support of its argument that Plaintiffs' claims are barred by the doctrine of *res judicata.* As detailed further below, the Court did consider that argument at this time. Therefore, consideration of these exhibits is not necessary and the Court declines to convert the motion to dismiss into a motion for summary judgment.

### A. The Rooker-Feldman Doctrine

Lynnwood first argues that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which instructs that federal district courts do not have jurisdiction to hear direct appeals from the judgment of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The doctrine bars a district court from exercising jurisdiction over direct appeals, as well as the "de facto equivalent" of such an appeal. *Id.* The court must look to the relief sought by the plaintiff when determining whether an action is a de facto appeal of a

state court judgment. It is a de facto appeal under *Rooker-Feldman* when the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.*

Plaintiffs request that Defendants be enjoined from continuing to operate Lynnwood's traffic camera program, that the Court enter a declaratory judgment that Defendants have operated the traffic camera system "illegally and without lawful authority since at least July 1, 2014", damages in the form of refunds to individual drivers who paid fines from these traffic camera infractions, reasonable attorney fees and costs incurred in connection with this action, and punitive damages. To the extent that Plaintiffs seek refunds of the traffic camera infraction fines imposed on them, that would be a de facto appeal of the adjudication of their traffic camera tickets, and they are barred by the *Rooker-Feldman* doctrine. *See Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997). To the extent that Plaintiffs seek a declaratory judgment that Lynnwood's operation of the traffic camera program and the procedures under which the tickets were brought against them are unconstitutional, it is not a challenge of a state court judgment, and they are not barred by *Rooker-Feldman*. *See id.*

**B. Standing**

Lynnwood also argues that, even if the Court finds that Plaintiffs' claims are not barred by the *Rooker-Feldman* doctrine, Plaintiffs' Amended Complaint should be dismissed because they lack standing. Lynnwood argues that Plaintiffs lack Article III standing because they have not alleged facts demonstrating that they suffered an injury. In order to show standing, Plaintiffs must show that they have suffered an "injury in fact" that is "fairly traceable to the challenged action of the defendant," and that "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations, citations, and alterations omitted). In a class action, standing is satisfied if at least one named plaintiff meets the requirements. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). "At least one named plaintiff must satisfy

the actual injury component of standing in order to seek relief on behalf of himself or the class." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th Cir. 2006) (quoting *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)).

Plaintiffs argue that their injury is the "panoply of impacts that result from a red light camera ticket, including but not limited to the payment of fines to the City." Dkt. # 20 at 6. As noted above, to the extent that Plaintiffs seek refunds of the fines imposed on them by traffic camera tickets, this Court has no jurisdiction to review those adjudications and those injuries cannot be redressed by a favorable decision. Even if the Court had jurisdiction over these adjudications, Plaintiffs do not allege facts to show that these fines are fairly traceable to the challenged action of Defendants. Plaintiffs received these traffic camera tickets because they ran a red light. They did not receive these tickets because the process by which the tickets are issued or challenged violated their due process rights.

Plaintiff Jordan also argues that the intersection where he received his traffic camera ticket was not a permitted location pursuant to the requirements of RCW 46.64.170(b). Dkt. # 10. Even if Plaintiff Jordan argued that he was injured when he received the ticket and that this ticket was traceable to Lynnwood's improper placement of the traffic camera, that injury could not be redressed by a favorable decision. As previously noted, to the extent that Plaintiff Jordan seeks a refund of the fine from this particular ticket, the Court does not have the jurisdiction to review that adjudication. Neither would Plaintiffs' request for declaratory and injunctive relief satisfy the requirement of redressability. In this context, Plaintiff Jordan's injury stems from his previous ticket, and a declaratory judgment that Lynnwood operated its traffic camera program "illegally" would not redress that injury.

At most, Lynnwood's action resulted in a failure to report traffic accident and infraction data on the city's website. Plaintiffs allege that this data reporting is required so "citizens and elected officials can together determine whether the traffic cameras are

meeting their required goal of enhancing safety, or whether they are merely being used as a revenue collection device." Dkt. # 10 at 5. Federal courts have long required a plaintiff to "show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted). Though there is no precise definition for the injury required to prove standing, a "plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016)(citing to *Lujan*, 504 U.S. at 560). Plaintiffs have not alleged that they are in danger of sustaining a real and immediate injury due to this lack of data reporting, nor have they alleged a concrete and particularized harm. As Plaintiffs have failed to demonstrate that they suffered an "injury in fact" that is traceable to Defendants' actions and that can be redressed by a favorable decision by this Court, they do not have the requisite standing to assert their claims. Defendant Lynnwood's Motion to Dismiss is **GRANTED.** Dkt. # 16.

**C. Supplemental Jurisdiction**

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 561 (9th Cir. 2010) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Here, Plaintiffs' federal law claim has been dismissed for lack of standing. Based on the above factors, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Defendants Nicola Smith and Tom Davis also filed a Motion to Dismiss Plaintiffs' due process and punitive damage claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. # 14. As the Court finds that Plaintiffs do not have Article III standing to bring their federal claims and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, the merits of the second Motion to Dismiss need not be addressed here. Defendants' Motion to Dismiss is **DENIED as moot.** Dkt. # 14.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Lynnwood's Motion to Dismiss (Dkt. # 16) and **DENIES as moot** Defendants Nicola Smith and Tom Davis' Motion to Dismiss (Dkt. # 14).

Dated this 22nd day of January, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge